```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
GOTHAM HOLDINGS, LP, PRIMARIUS
PARTNERS LP, PRIMARIUS OFFSHORE
PARTNERS LTD., PRIMARIUS FOCUS LP,
PRIMARIUS CHINA FUND LP, WILLOW
CREEK CAPITAL PARTNERS, LP, WILLOW
CREEK CAPITAL PARTNERS II, LP, AND
WILLOW CREEK OFFSHORE, LTD.,

                Plaintiffs,           MEMORANDUM OPINION

        -against-                     07 Civ. 2563 (MGC)

HEALTH GRADES, INC. AND ESSEX
WOODLANDS HEALTH VENTURES,

                Defendants.

----------------------------------X
```

APPEARANCES:

    FAGELBAUM & HELLER LLP
    Attorneys for Plaintiffs
    2049 Century Park East, Suite 4250
    Los Angeles, California 90067

    By: Philip Heller, Esq.


    AKERMAN SENTERFITT LLP
    Attorneys for Plaintiffs
    335 Madison Avenue, 26th Floor
    New York, New York 10017

    By: Martin Domb, Esq.


    PEPPER HAMILTON LLP
    Attorneys for Defendant Health Grades, Inc.
    620 Eighth Avenue, 37th Floor
    New York, New York 10018

          By:  M. Duncan Grant, Esq.
               Christopher J. Huber, Esq.
               Dierdre E. McInerney, Esq.
               Kenneth J. King, Esq.
               Suzanne M. D'Amico, Esq.


          COOLEY GODWARD KRONISH LLP
          Attorneys for Defendant Essex Woodlands Health Ventures
          1114 Avenue of the Americas
          New York, New York 10036

          By:  Stephen Wieder, Esq.
               Emma Terrell, Esq.

**Cedarbaum, J.**

Gotham Holdings, LP ("Gotham"), Primarius Partners LP, Primarius Offshore Partners Ltd., Primarius Focus LP, Primarius China Fund LP, Willow Creek Capital Partners, LP, Willow Creek Capital Partners II, LP, and Willow Creek Offshore, Ltd. sue Health Grades, Inc. ("Health Grades") and Essex Woodlands Health Ventures ("Essex") for securities fraud under § 10(b) of the Securities Exchange Act of 1934, Rule 10(b)-5, and § 12(a)(2) of the Securities Act of 1933, and for common law fraud and negligent misrepresentation.  Defendants' Rule 12(b)(6) and Rule 9(b) motions to dismiss the § 10(b) claim were denied at oral argument as to Essex on October 11, 2007, and as to Health Grades on January 10, 2008.  For the following reasons, the Rule 12(b)(6) motions to dismiss the § 12(a)(2) claim are granted; the motions to dismiss the common law fraud claim are denied; and the

2

motions to dismiss the negligent misrepresentation claim are denied as premature.

BACKGROUND

Health Grades is a Delaware corporation in the business of "grading" and providing reports concerning hospitals, physicians, and other health care providers. Prior to December 19, 2005, Essex, a healthcare venture capital LLC registered in Delaware, owned approximately 9 million shares of Health Grades' stock, almost 30% of the outstanding shares. Plaintiffs, a group of hedge funds operating primarily in the United States,[1] purchased various numbers of shares of Health Grades from Essex in two separate offerings to institutional investors. Some principal officers of Health Grades assisted Essex in its sales efforts.

Plaintiffs allege that omissions and misrepresentations of information regarding the status of a lucrative contract between Health Grades and Hewitt Associates, Inc. ("Hewitt"), a human

---

[1] Gotham is a Delaware limited partnership with its main offices in New York. Plaintiffs Primarius Partners, Primarius Focus, and Primarius China are Delaware limited partnerships with their main offices in San Francisco. Primarius China is in the process of winding up its affairs. Primarius Offshore is a British Virgin Islands corporation with its principal place of business in San Francisco. Plaintiffs Willow Creek Capital Partners and Willow Creek Capital Partners II are Delaware limited partnerships with their main offices in Greenbrae, CA. Plaintiff Willow Creek Offshore is a Cayman Islands corporation with its principal place of business in Greenbrae, CA.

3

resources outsourcing and consulting company, induced their purchase. They claim that when the true information regarding the status of the Hewitt contract was disclosed, the price of Health Grades' stock collapsed, leading to substantial losses for them.

DISCUSSION

Defendants move to dismiss the § 12(a)(2), negligent misrepresentation, and common law fraud claims for failure to state a claim pursuant to Rule 12(b)(6). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

I. § 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2)

Plaintiffs' § 12(a)(2) claim fails because there is no evidence that defendants' alleged misrepresentations or omissions were contained in or related to a prospectus. Section 12(a)(2) provides that "[a]ny person who . . . offers or sells a security . . . <u>by means of a prospectus or oral communication, which</u>

4

<u>includes an untrue statement of a material fact or omits to state a material fact</u> . . . shall be liable . . . to the person purchasing such security from him . . . ." (emphasis added). A prospectus for purposes of § 12(a)(2) "is confined to documents related to public offerings by an issuer or its controlling shareholders." <u>Gustafson v. Alloyd Co. Inc.</u>, 513 U.S. 561, 569 (1995). "[T]he phrase 'oral communication' is restricted to oral communications that relate to a prospectus." <u>Id.</u> at 567-68. According to the Supreme Court in <u>Gustafson</u>:

> The primary innovation of the 1933 Act was the creation of federal duties -- for the most part, registration and disclosure obligations -- in connection with public offerings. . . . We are reluctant to conclude that § 12[(a)](2) creates vast additional liabilities that are quite independent of the new substantive obligations the Act imposes. It is more reasonable to interpret the liability provisions of the 1933 Act as designed for the primary purpose of providing remedies for violations of the obligations it had created.

<u>Id.</u> at 571-72 (citations omitted). Thus, an essential element of the § 12(a)(2) claim is that the omissions or misrepresentations being sued upon are either contained in or relate directly to a prospectus. <u>Id.</u> at 581; <u>Yung v. Lee</u>, 432 F.3d 142, 147 (2d Cir. 2005).

Plaintiffs allege that Essex's sales were made pursuant to Health Grades' prospectus. But the misrepresentations on which plaintiffs sue are <u>not</u> contained in the prospectus or in oral statements about the prospectus. In their letter to the court dated January 18, 2008, plaintiffs concede that the prospectus does not include any false statements or material omissions, but argue that the "numerous oral communications with plaintiff . . . related to the sale of Essex stock, and hence to the prospectus pursuant to which that stock was being sold." This link to the prospectus is outside the scope of the § 12(a)(2) claim. The

5

oral communications were about the status of the Hewitt contract, not about the prospectus itself. That the stock was allegedly being sold "pursuant to" a previous Health Grades prospectus is irrelevant. Since the alleged false statements were not directly related to the prospectus, there can be no claim under § 12(a)(2).

Indeed, there are no allegations that Essex was even under an obligation to issue a prospectus in connection with its sales of Health Grades stock. The sales offers were made to institutional investors, not the public at large, and the transactions were private ones in the secondary market. Liability under § 12(a)(2) attaches only if Essex was under an obligation to distribute a prospectus in selling its shares. Gustafson, 513 U.S. at 571 ("the liability imposed by § 12[(a)](2) cannot attach unless there is an obligation to distribute the prospectus in the first place"); Yung, 432 F.3d at 149 ("[A] Section 12(a)(2) action cannot be maintained by a plaintiff who acquires securities through a private transaction, whether primary or secondary. . . . [T]here is no 'obligation' to distribute a document that describes a public offering to a private purchaser."). As in Yung, the fact that Health Grades' prospectus was included in the sales offering documents made available to purchasers is irrelevant. 432 F.3d at 149. Plaintiffs have not alleged that Essex was under any obligation to issue a prospectus for the sales at issue. Thus, Essex's sales do not qualify for liability under § 12(a)(2) of the Securities Act.

The motions to dismiss the § 12(a)(2) claim are granted because the alleged omissions and misrepresentations were not contained in and did not relate to a prospectus, and because Essex was not obliged to and did not issue a prospectus.

II. Negligent Misrepresentation

It is premature to decide which state's law applies to the negligent misrepresentation claim. Most of the plaintiffs are Delaware limited partnerships; only two plaintiffs are incorporated, one in the British Virgin Islands and the other in the Cayman Islands. Gotham's main offices are in New York, while the Primarius and Willow Creek entities' main offices are in California. Plaintiffs argue that California law applies because all but one of the plaintiffs' main offices are in California, and because most of the alleged misrepresentations occurred there. Defendants argue that New York law should apply because Gotham's main offices are in New York, both defendants do business in New York, some of the misrepresentations occurred in New York, and the state has an interest in enforcing its regulatory scheme regarding securities fraud.

6

Neither party disputes that there is a conflict between the laws of New York and California as to the essential elements of a claim of negligent misrepresentation. Under New York's conflict of laws rules, the law of the jurisdiction having the greatest interest in the litigation applies, and the most relevant factors for such a determination are the parties' domicile and the locus of the tort. <u>Schultz v. Boy Scouts of America, Inc.</u>, 65 N.Y.2d 189, 197 (1985). On the face of the complaint, it is not clear which state has the greatest interest in this litigation. Accordingly, the motions to dismiss the negligent misrepresentation claim are denied as premature.

III. Common Law Fraud

Because the elements of the common law fraud claim are substantially similar to those of the § 10(b) claim, the motions to dismiss the common law fraud claim are denied for the reasons discussed in the oral opinions of October 11, 2007 and January 10, 2008.

CONCLUSION

For the forgoing reasons, the motions to dismiss the § 12(a)(2) claim are granted. The motions to dismiss the common law fraud claim are denied, and the motions to dismiss the claim of negligent misrepresentation are denied as premature.

SO ORDERED.

Dated:   New York, New York
         February 15, 2008

                    S/ _____
                            MIRIAM GOLDMAN CEDARBAUM
                            United States District Judge