UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
GOTHAM HOLDINGS, LP,
PRIMARIUS PARTNERS LP,                                    Case No. 07 CV 2563 (MGC)
PRIMARIUS OFFSHORE PARTNERS LTD.,
PRIMARIUS FOCUS LP,
PRIMARIUS CHINA FUND LP,
WILLOWCREEK CAPITAL PARTNERS, LP,
WILLOWCREEK CAPITAL PARTNERS II, LP, and
WILLOWCREEK OFFSHORE, LTD.,

                Plaintiffs,
 vs.

HEALTH GRADES, INC. and KERRY R. HICKS,

                Defendants.
------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REFER THIS CASE
TO MEDIATION UNDER LOCAL RULE 83.12(e)**

      The plaintiffs respectfully move that the Court order the parties — decisionmaking principals and the defendants' insurer — to mediation pursuant to Local Rule 83.12(e).

      In support of their motion, the plaintiffs say that instead of time-consuming, expensive, and distracting discovery disputes, the Court's and parties' time and resources would be better devoted to a mediated attempt to resolve the substantive disputes in the case. To save the Court's time and the parties' time, money, and resources, the Court should order the parties' principals and the defendants' insurer to address the respective merits of their dispute through the offices of a neutral appointed under the Court's ADR program pursuant to Local Rule 83.12.

      To avoid duplication, the plaintiffs respectfully refer to the statements of facts in the accompanying Declaration of Philip Heller.

There is no question that the Court has the authority to require the parties to attend Court-sponsored mediation. Local Rule 83.12(e) explicitly provides: "The assigned Judge or Magistrate Judge may determine that a case is appropriate for mediation and may order that case to mediation with or without the consent of the parties."

This case is appropriate for mediation. The Court should order the principals of the parties and the defendants' insurer to participate. As described in the accompanying Declaration of Philip Heller, this Court and two other federal courts have devoted considerable time to this case. Numerous discovery disputes have been brought before the Court both in the past and at present. The parties have spent vast amounts of time, effort, and money on such discovery disputes. The Court will be required to devote additional time to discovery and similar matters, for example, the discovery conference scheduled for March 1.

This effort and expense on the part of the Court and parties could be avoided if the parties reached a settlement. However, the plaintiffs thus far have been unable to engage the defendants in meaningful efforts to discuss their differences on the merits. If the Court required the principals and defendants' insurer to focus on substance through the Court's mediated dispute resolution process, this matter might be resolved. The plaintiffs and two other defendants were able to negotiate and resolve their disputes at the early stages of this case, without extensive discovery or the discovery disputes that have been and are now before the Court. Similar success might be achieved if the Court required the parties to divert a fraction of the time, effort, and expense they now devote to discovery disputes toward a sincere, good-faith effort to negotiate and reach settlement.

Therefore, the plaintiffs respectfully move that the Court order the parties' decisionmakers and the defendants' insurer to participate in the Court's ADR mediation program under Local Rule 83.12.

Respectfully submitted,

Dated: New York, New York
February 10, 2010

**FAGELBAUM & HELLER LLP**

/s/ Philip Heller
Philip Heller (PH-7798)
2029 Century Park East, Suite 3550
Los Angeles, California 90067
(310) 286-7666

- and -

**AKERMAN SENTERFITT LLP**

s/ Martin Domb
Martin Domb (MD-4109)
335 Madison Avenue, 26th Floor
New York, New York 10017
(212) 880-3800

Attorneys for Plaintiffs

**Certificate of Service**

I certify that on this 10th day of February, 2010, I caused true copies of the foregoing Memorandum to be served on counsel for all parties via electronic filing through the Court's ECF system.

/s/ Martin Domb
Martin Domb (MD-4109)